UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

January 20, 2012

Joan Stephenson
94 Washington Street
Phillipsburg, NJ 07851

Michael A. D'Aquanni
Roth D'Aquanni, LLC
105 Morris Avenue, Suite 206
Springfield, NJ 07081

Thomas A. Keenan
Keenan & Doris, LLC
71 Union Avenue, Suite 105
Rutherford, NJ 07070

## LETTER OPINION AND ORDER

Re:   **Joan Stephenson v. Julie McWilliams, et al.**
      **Civil Action No.: 11-3139**

Dear Ms. Stephenson and Defendants' Counsel:

Pro se Plaintiff Joan Stephenson requests in her letter filed before this Court on December 23, 2011, that her lawsuit seeking damages, attorneys' fees and costs against Defendants Sussex County Community College Adjunct Faculty Federation and Hank Pomerantz (the "Union Defendants"), as well as against Defendants Sussex County Community College ("SCCC"), Julie McWilliams, Joanna Reed, Eleanor Carducci, Anita Ulesky, and Brad Gottfried (the "SCCC Defendants") for a series of claims arising from her termination from SCCC, be reheard following this Court's granting of Defendants' Motion to Dismiss in its Letter Opinion and Order filed on November 21, 2011. [Docket Entry No. 27]. For the reasons set forth herein, the Court denies Plaintiff's request.

### I. Background

Plaintiffs' Complaint alleges that she was employed as an adjunct faculty member in the Art Department at SCCC, with her immediate supervisor being the head of the Art Department, Defendant Julie McWilliams. (Compl., at 3). Plaintiff was also a member of Defendant Sussex

1

County Community College Adjunct Faculty Federation, and Defendant Hank Pomerantz was Plaintiff's Union Representative. (Compl., at 2). Plaintiff had a series of disagreements with Defendant McWilliams regarding student grades, plagiarism and interference with Plaintiff's teaching during her employment at SCCC. (Id., at 4-5).

Plaintiff asserted that Defendants McWilliams and Defendant McWilliams' immediate superior and Dean of the Humanities, Defendant Eleanor Carducci, led her to believe she would be a future member of the teaching faculty until her termination in May 2003. (Id., at 8). However, despite being led to believe she would continue her employment, Plaintiff claims her termination had already been decided as early as November 2002 by Defendants Carducci and McWilliams. (Id.). In March 2003, prior to Plaintiff's notification of her termination and without Plaintiff's knowledge, Defendant McWilliams sent a memo to the Faculty of the Art Department setting up the following academic calendar without including Plaintiff. (Id.). Plaintiff made multiple requests for investigation in November 2002, as well as in June, August, September and November 2003 to Defendants Carducci; Brad Gottfried, the President of SCCC; the American Federation of NJ Teachers Union through her Union representative Defendant Pomerantz; and the Executive Board of the College consisting in Defendants Anita Ulesky, Claudia Olivio and Brad Gottfried, but those requests were ignored. (Id., at 6).

Plaintiff was officially notified of the nonrenewal of her contract in May 2003. (Id., at 8). It was also in that month that she discovered that Defendant McWilliams had circulated the academic calendar planning memo without including her, and Plaintiff wrote a letter to both Defendant McWilliams as well as Defendant Joanna Reed, another faculty member in the Art Department. (Id., at 9). Defendants McWilliams and Reed claimed that Plaintiff's letter was threatening, and took it to the SCCC administration, security, and other personnel at the college. (Id.). Defendant Reed also took the letter to the Town of Newton Police Department and the letter was kept on file. (Id., at 9-10). Upon Plaintiff's review of the Police Report filed with said Police Department, she discovered that the Report stated that her "letter is not threatening in nature." (Id., at 10; Compl., Ex. 2, "Police Department Incident Report").

On October 21, 2004, Plaintiff filed her first complaint in the Superior Court of New Jersey, law Division–Sussex County, Docket No. SSX-L-583-04, alleging wrongful termination and other wrongful actions by all the named Defendants in the instant action before this Court ("State Court Complaint"). (Id., at 3; Union Defs. Mot. to Dismiss, at 3; SCCC Defs. Mot. to Dismiss, Doris Cert., Ex. A). After filing five Amended Complaints, Plaintiff's seventh and final Amended Complaint was filed on October 16, 2007, also against all named Defendants in the instant action. (SCCC Defs. Mot. to Dismiss, Doris Cert., Ex. B). On June 20, 2008, the Honorable Judge Edward Gannon granted motions for summary judgment filed by the Union and the SCCC Defendants on all counts of Plaintiff's Amended Complaint. (Union Defs. Mot. to Dismiss, D'Aquanni Cert., Ex. 1; SCCC Defs. Mot. to Dismiss, Doris Cert., Ex. C). On July 22, 2008, Plaintiff filed an appeal with the Superior Court of New Jersey, Appellate Division, Docket No. A-5647-07 and on February 26, 2010, the Appellate Division affirmed the trial court's order dismissing Plaintiff's action on summary judgment (Union Defs. Mot. to Dismiss,

D'Aquanni Cert., Ex. 2; SCCC Defs. Mot. to Dismiss, Doris Cert., Ex. D). Plaintiff did not appeal to the New Jersey Supreme Court.

On May 31, 2011, Plaintiff filed a Complaint with this Court identical to her original October 21, 2004 State Court Complaint filed in the Superior Court of New Jersey. [Docket Entry No. 1]. The Union Defendants filed their Motion to Dismiss on October 19, 2011, and the SCCC Defendants filed their Motion to Dismiss on October 21, 2011. [Docket Entry Nos. 23, 26]. On November 21, 2011, this Court granted Defendants' Motion to Dismiss on grounds that Plaintiff's Complaint was time-barred. Specifically, the Court reasoned as follows:

> Plaintiff learned that her contract with SCCC would not be renewed on May 2003, over eight years ago. (Compl., at 8). Plaintiff's federal claims under §§ 1981 and 1983 regarding due process and equal protection are based in: 1) Defendants' alleged deprivation of Plaintiff's property right to her continued employment at the SCCC; and 2) Defendants' conduct treating Plaintiff differently than other similarly situated by not renewing her contract. Plaintiff's ADEA claim alleging Defendants' discrimination based on age regarding her employment also exclusively concern her treatment prior to and resulting in her termination in May 2003. Therefore, since Plaintiff's federal causes of action are based in her alleged wrongful termination, the Court finds that the relevant statute of limitations for those claims accrued on that termination in May 2003, and under the two-year statute of limitations period for §§ 1981, 1983 and ADEA causes of action, or even the three-year statute of limitations period for willful violations of the ADEA, Plaintiff's causes of action are untimely. To the extent that Plaintiff's claims can be said to accrue on the date she became aware of events leading to her termination through Defendants' submissions during her State Court proceeding on October 29, 2003, Plaintiff's claims would still be untimely as over eight years have passed since the alleged injury and Plaintiff's knowledge of the causes of that alleged injury.

(Nov. 21, 2011 Op. and Order, at 4-5). Plaintiff filed a letter request for rehearing on December 23, 2011. [Docket Entry No. 28].

## II. Analysis

As the Plaintiff requests a "[r]ehearing . . . as the federal court filed a dismissal," the Court will construe Plaintiff's letter as a motion for reconsideration of its Opinion and Order granting Defendants their Motion to Dismiss. (Pl. Dec. 23, 2011 Letter, at 8). Local Rule 7.1(i) provides, in relevant part:

> A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

3

L.Civ.R. 7.1(i). "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(i), cmt.6(d); see also Felons v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A judgment may be altered or amended if the movant shows at least one of the three following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). Moreover, a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).[1]

While Plaintiff has exceeded the requisite fourteen-day deadline for filing a motion for reconsideration, this Court will nevertheless consider Plaintiff's request as Plaintiff is representing herself pro se. See, e.g. Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97, 106 (1976)(a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers); Gambrell v. Hess, 777 F.Supp. 375, 378 (D.N.J. 1991). Plaintiff provides a number of arguments in favor of reconsideration, specifically arguing that this Court's dismissal of Plaintiff's Complaint was time-barred was in error since: 1) Plaintiff was ill and unable to function (Pl. Dec. 23, 2011 Letter, at 4, 10); 2) Plaintiff "was a member of a union's [CBA] contract but did not know this because the union hid my union contract from me" (Id., at 9); 3) there remain unanswered federal issues in Plaintiff's case (Id., at 9-10); and 4) the trial judge in state court discriminated against her (Id., at 10).

Plaintiff Stephenson fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. First, Plaintiff cites to no intervening change in controlling law either regarding the timeliness of her claims or the substantive allegations made therein. Second, Plaintiff does not indicate any new evidence that was not available when this Court issued its

---

[1] Plaintiff's motion could be denied on this basis alone. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (clarifying that a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)(quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989), appeal dismissed, 919 F.2d 225 (3rd Cir. 1990)).

4

November 21, 2011 Opinion and Order, specifically regarding Plaintiffs' illness, her viewing of the union contract, the alleged federal issues still unanswered and the circumstances of the trial in state court. Not only were these factual issues already presented before this Court, but they were alleged before the trial court as well. Plaintiff herself concedes that, "[a]ccording to court records Plaintiff, at this time, made it known to union defendants and to the court of Judge Russell, that she had not received a copy of the Union contract and that defendants had verbally given her many different names for the Union, and not only had they kept the contract from her even though she asked Pomerantz for its November 2002, when she first reported that retaliation made against her by Mcwilliams." (Id., at 12-13). Further, as Plaintiff's Complaint in this matter is identical to that filed in her state court action, the Court does not find that any federal issues were left unanswered in her prior state court action and the affirmance of that court's granting of summary judgment by the Appellate Division. Remedies for any alleged violations of her due process or any other rights in her civil case before the state court were appropriately made through Plaintiff's state court channels of appeal. Plaintiff did not appeal the Appellate Division's affirmance of the trial court's granting of summary judgment to the New Jersey Supreme Court, and she may not attempt to relitigate her claims by refiling an identical action in federal court which this Court has deemed untimely. Finally, Plaintiff's arguments are unavailing as they neither address the fundamental issue on which this Court dismissed her action, namely, that her claims were time-barred, nor do they provide additional facts or law not already considered by this Court relating why said claims should be equitably tolled.

Since Plaintiff has failed to present an intervening change in controlling law, the availability of new evidence that was not available when the court issued its order, or the need to correct a clear error of law or fact, the Court denies Plaintiff's letter request for a rehearing of its November 21, 2011 Opinion and Order.

## CONCLUSION

For the reasons set forth above,

IT IS on this 20 day of **January, 2012**,

**ORDERED** that Plaintiff's request for rehearing is **DENIED**.

**IT IS SO ORDERED.**

_____
Jose L. Linares
United States District Judge

5